IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENDY REEDER, RICHARD REEDER, and RJ TRANSPORT, INC., <br><br>  Plaintiffs, <br><br>  v. <br><br> BUTLER TRANSPORT, INC. and TERRY CRISMAN, <br><br>  Defendants. | Case No.  21-cv-202-SMY |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiffs Cendy Reeder, Richard Reeder, and RJ Transport, Inc. filed their complaint against Butler Transport, Inc. and Terry Crisman to recover for personal injuries, loss of consortium, and loss of use allegedly suffered as a result of the collision of two semi-trucks claimed to be caused by Defendant Terry Crisman.

Now before the Court is Defendants' Motion for Independent Medical Examination of Plaintiff Cendy Reeder (Doc. 44), which was referred to the undersigned by District Judge Staci Yandle on April 25, 2022.

In their motion, Defendants ask the Court to enter an order directing Cendy Reeder to submit to a physical examination on May 4, 2022 with Dr. Jeffrey Kaplan, a neurologist.  In support of their request, Defendants assert Ms. Reeder's physical and mental condition, the nature and extent of her alleged injuries and disability, and her claim for future medical care and treatment are in significant dispute and, as such, Defendants require a physical examination concerning Ms. Reeder's alleged neck and head injuries and post-concussive syndrome.

Defendants assert the physical examination will include evaluation of Ms. Reeder's medical history, family history, social history, employment history, and evaluation and testing of Ms. Reeder's head, neck, and spine.

Plaintiffs oppose Defendants' motion, noting that although Ms. Reeder consents to Dr. Kaplan performing an examination, there are disputes concerning the terms of the examination and activities that Dr. Kaplan intends to perform. More specifically, Ms. Reeder contends any such examination should not include an evaluation of her medical history, family history, social history, or employment history, as such information is readily available in the medical records and other documents that have already been exchanged in this case, and therefore, there is no "good cause" for evaluation of the same. Plaintiffs also ask that the Court require Defendants to set forth the specific tests Dr. Kaplan intends to perform, and that any testing be limited to Ms. Reeder's head and neck.

Defendants replied to Plaintiffs' response, arguing there is no basis for the limitations Plaintiffs seek, and noting Plaintiffs failed to cite any Federal Rule or case law in support of their proposition. Defendants further contend that inquires about past medical history are a routine part of independent medical examinations and assert Dr. Kaplan should not be restricted from questioning Ms. Reeder about her medical history. With regard to the specific tests Dr. Kaplan may perform, Defendants assert such information is not required by the Federal Rules, but offers that Dr. Kaplan will perform a neurologic examination and a cognitive test such as a "MoCA." Dr. Kaplan may also conduct a grip strength test. Finally, Defendants assert limiting Dr. Kaplan's testing to Ms. Reeder's head and neck is not appropriate in this case as Reeder does not allege that her injuries were limited to her head and neck; rather, at her deposition, Reeder testified that she injured her arm, shoulder, head, neck, back, and her "sides." Plaintiff also alleges she

suffers headaches, short-term memory loss, difficulty concentrating, nausea, stuttering, blurred vision, difficulty focusing, balancing difficulties, difficulty processing thoughts, and difficulty reading.

A party seeking to compel another party to submit to a physical or mental examination must obtain an order under Rule 35. The rule requires a "discriminating application" by the trial court in order to determine whether the moving party has satisfied the substantive requirements of the Rule. *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). To satisfy the substantive requirements of Rule 35, the moving party must show that: (1) the party's mental or physical condition is in controversy; and (2) there is good cause for the examination. Fed. R. Civ. P. 35(a)(1)-(2)(A); *Schlagenhauf*, 379 U.S. at 116. The moving party must also specify the time, place, manner, conditions, and scope of the examination. Fed. R. Civ. P. 35(a)(2)(B).

Here, Plaintiffs do not dispute that Ms. Reeder's physical condition is in controversy, nor do they contend there is not good cause for an examination. Rather, Plaintiffs argue there is not good cause for an inquiry into Ms. Reeder's medical, family, social, and employment history because "such information is readily available in the medical records and other documents that have been exchanged in the case." Plaintiffs do not provide support for their assertion that testing should be limited to Ms. Reeder's head and neck.

In this instance, the Court finds there is good cause for Ms. Reeder to undergo a Rule 35 examination conducted by Dr. Kaplan. The Court further finds Dr. Kaplan may evaluate Plaintiff's medical history, family history, social history, and employment history despite such information already being available in previously-produced records, as medical examinations consistently evaluate such history, and the Court will not micro-manage how Dr. Kaplan performs his testing. The Court obviously expects Dr. Kaplan to act professionally and not submit Ms.

Reeder to any unnecessary testing. Further, the Court declines to restrict evaluation to Ms. Reeder's head and neck only, as she placed at issue various cognitive functions that may be assessed with a neurologic examination. Accordingly, Defendants' Motion for Independent Medical Examination of Plaintiff Cendy Reeder (Doc. 44) is **GRANTED**.

The Court Orders an examination by Dr. Kaplan of Ms. Reeder's head, neck, and spine. The examination shall take place at 10600 Mastin, Overland Park, Kansas, 66212. Ms. Reeder's husband is permitted to attend Dr. Kaplan's examination and he is permitted to film it on a cell phone, in lieu of Plaintiffs' counsel traveling from Chicago, Illinois for said examination. Plaintiffs shall submit the footage to Defendants in full following completion of the examination. As this Order is being issued subsequent to the previously scheduled examination, the parties are ordered to meet and confer to reschedule the examination as expeditiously as possible on a date acceptable to all parties.

**IT IS SO ORDERED.**

**DATED: May 9, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**